25249. WALTERS *et al. v.* MISSOURI STATE LIFE INSURANCE COMPANY.

DECIDED MAY 7, 1936.

*John H. Davis & Son,* for plaintiffs in error.
*Owen & Gross, W. A. Bailey,* contra.

GUERRY, J. On May 24, 1934, the defendant in error brought a dispossessory warrant against J. C. Walters, Vada Walters, and Amanda Walters. The plaintiff introduced in evidence a lease contract between itself and Vada Walters for rent of the land in question from January 1, 1933, to December 15, 1933. The plaintiff's agent testified that the amount of rent stipulated in the contract was not paid, and had not been paid up to the time of suit; and that he had made demand for possession of the premises, but was refused possession by the defendants. One of the defendants set up as a defense that she had entered into an oral agreement with an agent of the plaintiff to purchase the land in question, but that she had not been able to raise the money. The defendants introduced in evidence a writing, in the nature of an option contract, dated July 6, 1932, signed by Don T. Bridges, testified to have been at that time the attorney for the plaintiff, which gave Vada Walters the right to purchase the property, which right expired on January 1, 1933.

The trial judge did not err in ruling out all of the testimony relating to an oral agreement to purchase the land, for the reason

that as such it was not an enforceable contract (Code of 1933, § 20-401), and under the evidence it fell within none of the exceptions to that section (§ 20-402) ; and further because, even if good as an enforceable contract, it was nowhere shown by evidence that it was made with a duly-authorized agent of the plaintiff; nor did the judge err in ruling out, as immaterial and irrelevant, the option contract, because as such it expired upon the day that the defendant entered into a written lease contract with the plaintiff for rent of the land for the year 1933; and even if material, it was not shown that Don T. Bridges signed the lease as agent for the plaintiff. There being no valid legal defense sustained by any evidence offered by the defendants, the trial judge did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*